## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**LOAD ONE LLC., a Michigan corporation,**

**Plaintiff,**

     **vs.**

**LOAD ONE TRANSIT CORP., d/b/a LOAD ONE CORP., an Illinois corporation,**

**Defendant.**

**Civil Action No.  17-cv-12625**

**Hon.**

## COMPLAINT

Plaintiff, Load One LLC ("Load One" or "Plaintiff") brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant Load One Transit Corp., d/b/a Load One Corp ("Defendant").  For its Complaint, Load One alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark infringement and unfair competition in violation of §43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a), and MICH. COMP. LAWS § 429.42 *et seq.*; for trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for unfair trade practices in violation of the Michigan Consumer Protection Act, MICH. COMP.

LAWS §§ 445.901, *et seq.* Load One seeks all appropriate relief, including an order requiring Defendant to cease all uses of Load One's famous trademark.

2.     This action arises out of Defendant's knowing and willful violation of Plaintiff's rights in its famous and distinctive trademark, LOAD ONE (the "Mark"), caused by Defendant's use in commerce of business names confusingly similar to Load One's famous and distinctive Mark.

3.     Defendant's unlawful acts have caused and continue to cause consumers to believe that Load One is affiliated with Defendant or has endorsed Defendant's products and services, thus jeopardizing the goodwill associated with the Mark, unjustly enriching Defendant, who benefits from the association, and causing confusion for consumers seeking the services of Load One on which they have come to depend.

4.     On information and belief, Defendant's unlawful acts have lessened the capacity of the Mark to identify and distinguish the services Load One provides under the Mark, thus diluting the Mark's distinctive quality.

5.     In addition, on information and belief, Defendant has intentionally profited from its unauthorized use of the Mark and has made unauthorized commercial use of the Mark in Michigan and elsewhere to its benefit and to the detriment of Load One and of consumers, in violation of the laws set forth above.

2

**THE PARTIES**

6.     Plaintiff Load One is a corporation organized and existing under the laws of Michigan, with its principal place of business in Taylor, Michigan.  For nearly 15 years, Load One has provided safe, high quality shipping and delivery services.  Load One provides shipping and delivery services throughout the United States.

7.     Defendant Load One Transport Corp. provides shipping and delivery services in the continental United States, including in the State of Michigan, under the name Load One Corp.

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337 and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in the Eastern District of Michigan.

3

## FACTS ENTITLING LOAD ONE TO RELIEF

### A.    Load One's Widespread and Substantial Use of the Mark

10.    Since its founding nearly 15 years ago, Load One has enjoyed a reputation as a premier shipping and delivery service.  That reputation is largely based on the quality and reliability of the services it provides.

11.    Load One has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with the Mark.  Load One's efforts include extensive advertising campaigns and promotional efforts involving the Mark.

12.    Load One has continuously used the Mark to identify it as the provider of shipping and delivery services.  In addition, Load One has obtained federal trademark registration of the Mark.  *See* United States Patent and Trademark Office Registration Numbers 4,233,580, 4,233,581 and 4,241,698.

13.    As a result of Load One's history and experience providing high quality services, and as a result of the continuous and extensive advertising, promotion, and performance of services under the Mark, the Mark has acquired substantial value and fame in the United States.

14.    Further, the Mark is widely recognized by consumers in the shipping industry, and has acquired enormous goodwill as a Mark identifying high quality and dependable services.  Indeed, the Mark is distinctive such that consumers in

4

the industry recognize that services provided under the Mark were performed by Plaintiff.

**B.    Defendant's Unlawful Use of Plaintiff's Mark.**

15.    Load One has never authorized Defendant to use its Mark.

16.    On information and belief, Defendant has knowingly and willfully violated Plaintiff's rights in its famous and distinctive Mark by using in commerce its confusingly similar business name to offer shipping and delivery services (hereinafter the "Infringing Use").

17.    In or around May 2017, Load One became aware that Defendant was operating under the name "Load One Corp," which offered services identical to those provided by Plaintiff.  Immediately upon learning of these reports, Load One investigated the matter.

18.    Upon determining that Defendant was the infringing user of the Mark, Load One sent a letter via certified mail, return receipt requested to Defendant's business addresses, dated May 3, 2017, requesting that Defendant cease use of the Mark in connection with its business.

19.    Because Plaintiff never received a receipt indicating that the May 3 letter was received, Plaintiff updated the demand letter and sent it via Federal Express on May 23, 2017.  The letter was received by Defendant on May 24, 2017.

{34648/2/D1182650.DOC;1}

20.     Because Defendant did not respond to Plaintiff's cease and desist letters, counsel for Plaintiff called Defendant on June 9, 2017.   Counsel for Plaintiff spoke with the operator of Defendant, Jordan Rivers ("Rivers").   At Rivers' request, the demand letter was re-sent via the email address loadonedispatch@gmail.com.  During the telephone call, Rivers confirmed that he received the demand letter.  Rivers committed to reviewing the demand letter and getting back to Plaintiff's counsel.

21.     Having heard nothing from Defendant for 7 days, Plaintiff's counsel again called and spoke with Defendant's operator, Jordan Rivers on June 16, 2017. During this conversation, Rivers conceded that he would change the name from Load One Corp. to a non-infringing name.  Rivers indicated that it would take approximately two weeks to change the name with the Federal Motor Carrier Safety Administration ("FMCSA") and the State of Illinois.

22.     Following Defendant's June 16, 2017 representation that the infringing name would be changed, Plaintiff consistently checked the State of Illinois records and the FMCSA records.  No name change was reflected in these records, so on June 30, 2017, Plaintiff's counsel again called Defendant.  Rivers was not available, and the woman answering the phone knew of no plan to change the name from Load One Corp.

{34648/2/D1182650.DOC;1}

23.     During follow-up phone calls on July 13, 2017 and July 25, 2017 Rivers promised to provide documentation that Defendant had submitted paperwork to change its name.  Despite follow-up emails from Plaintiff's counsel on July 13, 2017, July 25, 2017 and August 2, 2017, Defendant did not provide any documentation showing that Defendant had submitted paperwork to change its name.

24.     As of the date of the filing of this Complaint, the State of Illinois records and the FMCSA records continue to show Defendant's name as the infringing Load One Corp.

25.     On information and belief, at the time Defendant began its Infringing Use, and at all times thereafter, it was aware, or had reason to know, of Load One's rights in the Mark, and knew that the trademark is distinctive and has become famous and valuable.

26.     Defendant's Infringing Use lessens the capacity of Load One's Mark to identify and distinguish the services provided by Load One under the Mark and, thus dilutes the distinctive quality of the Mark and damages the reputation, recognition, and goodwill consumers associate with Load One's services.

27.     On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

{34648/2/D1182650.DOC;1}

28.     For the foregoing reasons, Defendant's Infringing Use has caused and likely will cause injury to Load One and to the goodwill and value of its Mark.

**COUNT I**
**(Federal Trademark Infringement and Unfair Competition**
**in Violation of Section 43(a) of the Lanham Act)**

29.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-28 above.

30.     Defendant's Infringing Use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such action constitutes willful and deliberate use in commerce of Plaintiff's Mark, which is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Load One of products and services promoted by Defendant, and which accordingly constitutes unfair competition and infringement of Plaintiff's Mark.

31.     On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

32.     Defendant's violation of this statute has irreparably damaged Load One, and Load One has no adequate remedy at law.  Unless enjoined, Defendant will continue the Infringing Use, further injuring Load One and the public.

33.     On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringing Use, to which

{34648/2/D1182650.DOC;1}

Defendant is not entitled, and Load One has also suffered damages as a result of Defendant's Infringing Use, for which Defendant is responsible.

**COUNT II**
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

34.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-33 above.

35.    Defendant's Infringing Use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendant's use in commerce of the Infringing Use, which commenced after Load One's Mark became famous, is likely to cause, and has caused, dilution of the distinctive quality of Load One's famous Mark.

36.    On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

37.    Load One has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law.  Unless enjoined, Defendant will continue the Infringing Use, further injuring Load One and the public.

**COUNT III**
**(Trademark Infringement in Violation of Mich. Comp. Laws § 429.42)**

38.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-37 above as if fully set forth herein.

{34648/2/D1182650.DOC;1}

39.   Defendant's unauthorized use of the Mark violates Mich. Comp. Laws, § 429.42 *et seq.*, because such actions constitute reproduction, copying, or colorable imitation of the Mark in an advertisement for services intended to be sold for profit in the State of Michigan.

40.   On information and belief, Defendant engaged in the unlawful Infringing Use with knowledge that such conduct was intended to create confusion or to deceive.

41.   Load One has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law.  Unless enjoined, Defendant will continue the Infringing Use, further injuring Load One and the public.

42.   On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringing Use, to which Defendant is not entitled, and Load One has also suffered damages as a result of the Infringing Use, for which Defendant is responsible.

## COUNT IV
**(Unfair Competition in Violation of the Michigan Consumer Protection Act)**

43.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-42 above.

44.   The Infringing Use violates the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.901 *et seq.*, because it has caused, and continues to

10

cause, a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided. Further, Defendant's Infringing Use violates the act because it represents that Defendant's products and services have sponsorship or approval of Load One that they do not enjoy.

45.    Defendant's conduct has had, and will continue to have, an adverse impact on Load One and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact. As a direct and proximate result of Defendant's unfair business practices, members of the general public have mistakenly believed, and will continue to mistakenly believe, that Defendant's businesses, and the services provided by Defendant, are approved or endorsed by, or otherwise affiliated with, Load One.

46.    On information and belief, Defendant has received substantial revenues and substantial profits as a result of the Infringing Use, to which Defendant is not entitled, and Load One has also suffered damages as a result of Defendant's unauthorized use of the Mark, for which Defendant is responsible.

47.    On information and belief, Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

48.    Plaintiff and the general public have been, and continue to be, irreparably damaged by the violation of this statute, and Load One has no adequate

{34648/2/D1182650.DOC;1}

remedy at law.  Unless enjoined, Defendant will continue the Infringing Use, further injuring Load One and confusing the public.

## PRAYER FOR RELIEF

WHEREFORE, Load One respectfully seeks the following relief:

1.      Enjoin and restrain Defendant, its agents, affiliates, subsidiaries, principals, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

a)      Using without authorization Plaintiff's LOAD ONE Mark, Defendant's infringing mark LOAD ONE CORP., or any other name, logo, mark or design that that is confusingly or deceptively similar to the Mark, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services performed by Defendant, or in any other manner; and

b)      Using the words "load one" in any combination in the marketing, promotion, advertising, identification, sale or performance of goods or services, or in any form or manner that would tend to identify or associate Defendant or his business or services with Plaintiff;

2.      Require Defendant, pursuant to 15 U.S.C. § 1118 to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising

{34648/2/D1182650.DOC;1}

materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing mark or any term confusingly or deceptively similar to the Mark, either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.      Require Defendant to file with the Court and to serve on Load One, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

4.      Require Defendant to pay to Load One an amount yet to be determined to compensate Load One for all damages sustained as a result of Defendant's unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from infringement or dilution of the Mark or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5.      Require Defendant to account for and pay to Load One all the profits derived by Defendant resulting from his use of Plaintiff's Mark, including, but not limited to any advertising revenue generated by any websites using the Mark;

6.      Award Load One the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law.

7.   Award prejudgment interest on all liquidated sums; and

8.   Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

/s/ Michael A. Sneyd
By:  Michael A. Sneyd  (P52073)
*Attorneys for Plaintiff Load One, LLC.*
500 Woodward Avenue, Suite 2500
Detroit, Michigan  48226
(313)  961-0200
mas@krwlaw.com

Dated August 10, 2017

14